IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIGHT HAND LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"<br><br>   Defendants. | Case No.: 1:24-cv-07564<br><br>**Judge Jeremy C. Daniel**<br><br>**Magistrate Judge Young B. Kim** |

**DEFAULT JUDGMENT ORDER**

  This action having been commenced by Plaintiff Bright Hand LLC, ("Plaintiff") against the defendants identified on Schedule A, and using the Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on Schedule A, attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

  This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via e-mail, along with any notice that Defaulting Defendants received from online marketplaces and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products that infringe upon Plaintiff's federally registered patent rights, as claimed in U.S. Patent No. 8,523,377 ("the '377 Patent") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products that infringe the '377 Patent. *See* Schedule A and Exhibit 2 to the Verified Complaint, Docket Nos. [5-1] and [5-3], which include links and product ID numbers for the subject storefronts and infringing products and screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing products to customers in Illinois; *see also* Exhibit 6 to the Verified Complaint, Docket No. [5-4], which contains exemplary claim charts outlining how Unauthorized Products infringe at least Claim 1 of the '377 Patent.

This Court further finds that Defaulting Defendants are liable for willful patent infringement (Count I) and unfair competition under 15 U.S.C. § 1125(a) (Count II) as pled in Plaintiff's Verified Complaint.

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. Making, using offering for sale, selling, and/or importing into the United States for subsequent sale any products that infringe upon the '377 Patent or use of any product that infringes upon the '377 Patent in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the '377 Patent;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale that is protected under the '377 Patent;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff and its rights in the '377 Patent; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which embody any of the Claims the '377 Patent.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), WhaleCo, Inc., ("Temu"), and Walmart, Inc. ("Walmart"), (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell goods that infringe upon the '377 Patent; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product infringing the '377 Patent or any reproductions, copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to utilize the inventions claimed in the '377 Patent.

3. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the inventions claimed in the '377 Patent.

4.  Pursuant to 35 U.S.C. § 284, Plaintiff is awarded damages equal to a reasonable royalty from each of the Defaulting Defendants in the amount of $10,000.00 plus 10% of all infringing sales.

5.  Pursuant to 35 U.S.C. § 284, Plaintiff is awarded expected transaction costs associated with the hypothetical negotiations and drafting of royalty and licensing agreements between it and each of the Defaulting Defendants listed below. Plaintiff is awarded $0,000.00 in expected transaction costs from each Defaulting Defendant.

6.  Pursuant to 35 U.S.C. § 284, Defaulting Defendants are subject to treble damages and Plaintiff is awarded three times the amount awarded in both paragraphs 4 and 5.

7.  Additionally, this case is held exceptional, and Plaintiff is awarded its reasonable attorney's fees pursuant to 35 U.S.C. § 285. This Court finds that an award of $19,123 in attorneys' fees is reasonable, $1,912.30 per Defaulting Defendant, and therefore awards Plaintiff $19,123 in attorneys' fees, $1,912.30 from each of the Defaulting Defendants.

8.  As a result of the damages awarded to Plaintiff in paragraphs 4 through 7 of this Order, the total awarded to the Plaintiff for each Defaulting Defendant is as follows:

| Def. # | Licensing & Transaction Costs | Total of Infringing Sales | Royalty (10%) of Sales | Trebled Damages Amount | Apportioned Attorney's Fees | Total |
|---|---|---|---|---|---|---|
| 10 | $15,000.00 | $16,611.56 | $1,661.15 | $49,983.45 | $1,912.30 | **$51,895.75** |
| 11 | $15,000.00 | $2,284.41 | $228.44 | $45,685.32 | $1,912.30 | **$47,597.62** |
| 20 | $15,000.00 | $269,190.62 | $26,919.06 | $125,757.18 | $1,912.30 | **$127,669.48** |
| 22 | $15,000.00 | $110,488.86 | $11,048.89 | $78,146.67 | $1,912.30 | **$80,058.97** |
| 26 | $15,000.00 | $433,432.87 | $43,343.29 | $175,029.87 | $1,912.30 | **$176,942.17** |
| 27 | $15,000.00 | $195,607.20 | $19,560.72 | $103,682.16 | $1,912.30 | **$105,594.46** |
| 28 | $15,000.00 | $272,806.39 | $27,280.63 | $126,841.89 | $1,912.30 | **$128,754.19** |
| 36 | $15,000.00 | $223,042.97 | $22,304.29 | $111,912.87 | $1,912.30 | **$113,825.17** |
| 38 | $15,000.00 | $79319.75 | $7,931.97 | $68,795.91 | $1,912.30 | **$70,708.21** |

| Def. # | Licensing & Transaction Costs | Total of Infringing Sales | Royalty (10%) of Sales | Trebled Damages Amount | Apportioned Attorney's Fees | Total |
|---|---|---|---|---|---|---|
| 42 | $15,000.00 | $369,357.44 | $15,369.64 | $91,108.92 | $1,912.30 | **$93,021.22** |

9. Any Third-Party Providers holding funds for Defaulting Defendants, including Amazon, eBay, PayPal, Inc. ("PayPal"), Payoneer Global, Inc. ("Payoneer"), Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the total damages and attorneys' fees awarded in Paragraph 4 through 8 above) or other of Defaulting Defendants' assets.

10. All monies (up to the total damages and attorneys' fees awarded in Paragraph 4 through 8 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third-Party Providers such as Amazon, eBay, PayPal, Payoneer, Temu, and Walmart, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including Amazon, eBay, PayPal, Payoneer, Temu, and Walmart, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

11. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

12. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at

      the e-mail addresses identified in Exhibit A attached to each Declaration of Kathryn Smith associated with Plaintiff's previous service of process. [35-2] and [66-2]

13. The ten-thousand dollar ($10,000.00) surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Bishop & Diehl, Ltd. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel.

This is a Default Judgment.

Dated: February 5, 2025

                                                    Jeremy C. Daniel
                                                    United States District Judge

**BRIGHT HAND LLC, v. The Individuals et al NDIL 1:24-cv-7564**

**Schedule A**

| Def. # | Merchant Alias | Merchant ID | Product IDs | Platform |
|---|---|---|---|---|
| 10 | DMKKOB Store | A12L8WVTAIUR6T | B0C37GCCMV | Amazon |
| 11 | Panda.JW | AATTJ11411PDN | B0C4DXM5B1 | Amazon |
| 20 | geekie | A1IMY1IUJV2411 | B0BBM5G2Z9 B0BBR2HGJQ | Amazon |
| 22 | worzit | AQBYGE26BLAT7 | B09GBK385G | Amazon |
| 26 | HUAMAI MALL | AQ15LQ0IL7KMR | B0CH2TGV6X | Amazon |
| 27 | YAOZHENG MALL | A133XTWUOTK5IC | B0CGJBLSZ9 B09ZPRPB5N | Amazon |
| 28 | KAIMENG MALL | AN6UVZA7BQLZW | B09ZXJHCH3 | Amazon |
| 36 | REFUN | A37Y44YJP50OSM | B0BHWWNLLW | Amazon |
| 38 | Suning amzstore | A1CP90YN1ZPNX9 | B0CG5QRRTL B0BCFK98QQ | Amazon |
| 42 | ingYoTuiDianZiShangWuYo | A3P2VUA79Z0DRM | B0C2HNLVZW B0CL6LC2NQ | Amazon |